CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
DAVID CONDE MARQUEZ, *individually*
*and on behalf of others similarly situated,*

                             *Plaintiff,*                      **COMPLAINT**

          -against-

TASTE BUDS DELI INC (D/B/A TASTE         **COLLECTIVE ACTION UNDER**
BUDS DELI), NOBERTO SANCHEZ,               **29 U.S.C. § 216(b)**
DELIA SANCHEZ, and ABDO N YAFAI,            **ECF Case**

                             *Defendants.*
-------------------------------------------------------X

      Plaintiff David Conde Marquez ("Plaintiff Conde" or "Mr. Conde"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against Taste Buds Deli Inc (d/b/a Taste Buds Deli), ("Defendant Corporation"), Noberto Sanchez, Delia Sanchez, and Abdo N Yafai, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

      1.     Plaintiff Conde is a former employee of Defendants Taste Buds Deli Inc (d/b/a Taste Buds Deli), Noberto Sanchez, Delia Sanchez, and Abdo N Yafai.

      2.     Defendants own, operate, or control a deli, located at 45-05 Queens Blvd, Queens, NY 11104, under the name "Taste Buds Deli".

3. Upon information and belief, individual Defendants Noberto Sanchez, Delia Sanchez, and Abdo N Yafai, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the deli as a joint or unified enterprise.

4. Plaintiff Conde was employed as a deli worker and cashier at the deli located at 45-05 Queens Blvd, Queens, NY 11104.

5. At all times relevant to this Complaint, Plaintiff Conde worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Conde appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Conde the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. Furthermore, Defendants failed to pay Plaintiff Conde wages on a timely basis.

9. In this regard, Defendants have failed to provide timely wages to Plaintiff Conde Defendants' conduct extended beyond Plaintiff Conde to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Conde and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11. Plaintiff Conde now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650

*et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Conde seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Conde's state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiff Conde was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff David Conde Marquez ("Plaintiff Conde" or "Mr. Conde") is an adult individual residing in Queens County, New York.

16. Plaintiff Conde was employed by Defendants at Taste Buds Deli from approximately April 1, 2023, until on or about December 6, 2023.

17. Plaintiff Conde consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all relevant times, Defendants own, operate, or control a deli, located at 45-05 Queens Blvd, Queens, NY 11104, under the name "Taste Buds Deli".

19. Upon information and belief, Taste Buds Deli Inc (d/b/a Taste Buds Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 45-05 Queens Blvd, Queens, NY 11104.

20. Defendant Noberto Sanchez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Noberto Sanchez is sued individually in his capacity as owner, officer, and/or agent of Defendant Corporation. Defendant Noberto Sanchez possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Conde, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Delia Sanchez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Delia Sanchez is sued individually in her capacity as a manager of Defendant Corporation. Defendant Delia Sanchez possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including

Plaintiff Conde, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant Abdo N Yafai is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Abdo N Yafai is sued individually in his capacity as owner, officer, and/or agent of Defendant Corporation. Defendant Abdo N Yafai possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Conde, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23. Defendants operate a deli located in the Sunnyside neighborhood in Queens.

24. Individual Defendants, Noberto Sanchez, Delia Sanchez, and Abdo N Yafai, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Conde's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Conde, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Conde (and all similarly situated employees) and are Plaintiff Conde's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Conde and/or similarly situated individuals.

29. Upon information and belief, Individual Defendants Noberto Sanchez and Abdo N Yafai operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of their own with Defendant Corporation,

   g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff Conde's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Conde, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Conde's services.

31. During 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Conde is a former employee of Defendants who was employed as deli worker and cashier.

34. Plaintiff Conde seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff David Conde Marquez*

35. Plaintiff Conde was employed by Defendants from approximately April 1, 2023, until on or about December 6, 2023.

36. Defendants employed Plaintiff Conde as a deli worker and cashier.

37. Plaintiff Conde regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38. Plaintiff Conde's work duties required neither discretion nor independent judgment.

39. Throughout his employment with Defendants, Plaintiff Conde regularly worked in excess of 40 hours per week.

40. From approximately April 1, 2023, until on or about August 31, 2023, Plaintiff Conde worked from approximately 6:00 a.m. until on or about 6:00 p.m., 7 days a week (typically 84 hours per week).

41. From approximately September 1, 2023, until on or about October 15, 2023, Plaintiff Conde worked from approximately 10:00 p.m. until on or about 7:00 a.m. to 7:30 a.m., 7 days a week (typically 63 to 66.5 hours per week).

42. From approximately October 16, 2023, until on or about December 6, 2023, Plaintiff Conde worked from approximately 11:00 p.m. until on or about 7:00 a.m. to 7:30 a.m., 6 days a week (typically 48 to 51 hours per week).

43. Throughout his employment, Defendants paid Plaintiff Conde his wages in cash.

44. From approximately April 1, 2023, until on or about December 6, 2023, Defendants paid Plaintiff Conde $17.00 per hour.

45. Plaintiff Conde's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

46. For example, Defendants required Plaintiff Conde to work an additional 30 minutes past his scheduled departure time every day, and did not pay him for the additional time he worked.

47. Defendants never granted Plaintiff Conde any breaks or meal periods of any kind.

48. Plaintiff Conde was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

49. Defendants took improper and illegal deductions of Plaintiff Conde's wages; for instance, Defendants would deduct 3 hours of pay from Plaintiff Conde's wages if he arrived an hour late.

50. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Conde regarding overtime and wages under the FLSA and NYLL.

51. Defendants did not provide Plaintiff Conde an accurate statement of wages, as required by NYLL 195(3).

52. Defendants did not give any notice to Plaintiff Conde, in English and in Spanish (Plaintiff Conde's primary language), of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

53. As a result of Defendants' failure to provide Plaintiff Conde with a Notice of Pay Rate or accurate wage statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendants' General Employment Practices*

54. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Conde (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

55. Plaintiff Conde was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

56. Defendants habitually required Plaintiff Conde to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

57. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

58. Defendants paid Plaintiff Conde his wages in cash.

59. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

60. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Conde (and similarly situated individuals) worked, and to avoid paying Plaintiff Conde properly for his full hours worked.

61. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

62. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Conde and other similarly situated former workers.

63. Defendants failed to provide Plaintiff Conde and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

64. Defendants failed to provide Plaintiff Conde and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

65. As a result of Defendants' failure to provide Plaintiff and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

66. Plaintiff Conde brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

67. At all relevant times, Plaintiff Conde and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and

one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

68. The claims of Plaintiff Conde stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

69. Plaintiff Conde repeats and realleges all paragraphs above as though fully set forth herein.

70. At all times relevant to this action, Defendants were Plaintiff Conde's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Conde (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

71. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

73. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Conde (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74. Defendants' failure to pay Plaintiff Conde (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiff Conde (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

76. Plaintiff Conde repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Conde overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

78. Defendants' failure to pay Plaintiff Conde overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

79. Plaintiff Conde was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

80. Plaintiff Conde repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants failed to pay Plaintiff Conde one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Conde's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

82. Defendants' failure to pay Plaintiff Conde an additional hour's pay for each day Plaintiff Conde's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

83. Plaintiff Conde was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

84. Plaintiff Conde repeats and realleges all paragraphs above as though fully set forth herein.

85. Defendants failed to provide Plaintiff Conde with a written notice, in English and in Spanish (Plaintiff Conde's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

86. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

87. Defendants are liable to Plaintiff Conde in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

**OF THE NEW YORK LABOR LAW**

88. Plaintiff Conde repeats and realleges all paragraphs above as though fully set forth herein.

89. With each payment of wages, Defendants failed to provide Plaintiff Conde with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

90. As a result of Defendants' failure to furnish accurate statements to Plaintiff, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

91. Defendants are liable to Plaintiff Conde in the amount of $5,000, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

92. Plaintiff Conde repeats and realleges all paragraphs above as though set forth fully herein.

93. At all relevant times, Defendants were Plaintiff Conde's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

94. Defendants made unlawful deductions from Plaintiff Conde's wages; specifically,

Defendant would deduct from the plaintiff's pay if during one week, he arrived a total of 1 hour late, defendant would deduct a total of 3 hours from his pay.

95. The deductions made from Plaintiff Conde's wages were not authorized or required by law.

96. Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Conde's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

97. Plaintiff Conde was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

98. Plaintiff Conde repeats and realleges all paragraphs above as though set forth fully herein.

99. Defendants did not pay Plaintiff Conde on a regular weekly basis, in violation of NYLL §191.

100. Defendants are liable to Plaintiff Conde in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Conde respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Conde and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Conde's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Conde and the FLSA Class members;

(e)     Awarding Plaintiff Conde and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Conde and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Conde;

(h)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Conde;

(i)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Conde;

(j)     Awarding Plaintiff liquated damages in an amount equal to one hundred percent

(100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Conde's compensation, hours, wages and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Conde;

(m) Awarding Plaintiff Conde damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n) Awarding Plaintiff Conde damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff Conde liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p) Awarding Plaintiff Conde and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Conde and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

    (s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Conde demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

November 21, 2024

    CSM LEGAL, P.C

By:     /s/ Catalina Sojo, Esq.
    Catalina Sojo [CS-5779517]
    60 East 42nd Street, Suite 4510
    New York, New York 10165
    Telephone: (212) 317-1200
    Facsimile: (212) 317-1620
    *Attorneys for Plaintiff*

# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

catalina@csmlegal.com

December 8, 2023

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    David Conde Marquez

Legal Representative / Abogado:   CSM Legal, P.C.

Signature / Firma:                _[signature]_

Date / Fecha:                     8 de diciembre 2023

*Certified as a minority-owned business in the State of New York*